UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN KIM BAKER,<br><br>              Petitioner,<br><br>   v.<br><br>RANDY BLADES,<br><br>              Respondent. | Case No. 1:18-cv-00010-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner John Kim Baker ("Petitioner" or "Baker"). The Petition challenges Petitioner's Ada County conviction of felony eluding, including a persistent violator enhancement. Dkt. 3. The Petition is now fully briefed and ripe for adjudication. The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 13; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 12. Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying habeas corpus relief.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

Absent clear and convincing evidence to the contrary, *see* 28 U.S.C. § 2254(e)(1), the following facts of Petitioner's case, as described by the Idaho Court of Appeals, are presumed correct:

> At 12:03 a.m. on March 31, 2015, Ada County dispatch advised of an attempt to locate a vehicle regarding a possible aggravated assault with a firearm incident that occurred at a hotel located in Boise. Five minutes later, three Ada County Sheriff deputies were en route to assist. Boise Police officers were en route at the same time to investigate the claim of the aggravated assault. One of the deputies located a vehicle, driven by Baker and matching the description of the suspect vehicle, at a drive-thru of a restaurant. The deputy pulled behind Baker after he left the drive-thru and engaged his overhead lights. The deputy testified that the suspect vehicle then fled, attempting to elude. Thereafter, a chase ensued through two large store parking lots, twice around a hotel, and then back to the store parking lots. During this time, the deputy's flashing overhead lights were on as well as the deputy's auxiliary front, back, and side lights. Baker then drove through the parking lot of a strip mall, over a curb, and started driving east in the westbound lanes of Overland Road. Baker eventually corrected into the eastbound lanes, turned south on Cole Road, and entered the freeway. Both Ada County Sheriff's office and Boise Police units were involved in the pursuit with their lights and sirens on. The deputy in the lead position testified that Baker was driving between 110 and 120 miles per hour in an area where the speed limit was 65 miles per hour. The pursuit was terminated at 12:19 a.m.
>
> Prior to this, the deputy had requested assistance from the Elmore County Sheriff's office to deploy spike strips in the area near the Ada and Elmore County line. However, because the pursuit was terminated prior to the arrival of the deputies from Elmore County, the Elmore County deputies did not deploy spike strips and instead returned to cover I-84 Exits 90 and 95, because there was some concern Baker would try to enter Mountain Home through one of these exits. While positioned at the exits, there was some testimony that the

> deputies' lights may have been deployed, though none of the officers saw Baker's vehicle while waiting at the exits, and they thereafter resumed their normal patrol activities at about 1:00 a.m.
>
> At approximately 2:30 a.m. Elmore County dispatch advised that Baker was reported to be in Elmore County and had made phone calls stating he was going to provoke an incident with officers so that they would shoot him. A sergeant that had previously covered Exit 95 started to travel west on I-84 as dispatch advised that Baker was traveling eastbound in the westbound lanes of I-84. The sergeant located the vehicle and made a U-turn and deployed his emergency lights while following Baker. Baker turned his headlights on and off to acknowledge the sergeant. The sergeant testified that when he approached with his emergency lights on, Baker fled eastbound on I-84. Baker traveled between thirty-five and forty miles per hour, significantly lower than the posted speed limit of eighty miles per hour. The sergeant pursued Baker with his lights and siren on; however, Baker did not stop. Spike strips were deployed and approximately two miles after Baker's vehicle was disabled by the spike strips, he was arrested ….

State's Lodging B-4 at 1–2.

Petitioner was charged with misdemeanor eluding a peace officer in Elmore County. He pleaded guilty to that charge and was sentenced to sixty days in jail. *Id*. at 2–3.

Petitioner was later charged, in Ada County, with felony eluding—the charge challenged in the instant petition. Petitioner moved to dismiss, arguing that the prosecution in Ada County violated the Double Jeopardy Clause because Petitioner had been charged with the same offense in Elmore County. The trial court denied the motion. Petitioner pleaded guilty, to both the eluding charge and a persistent violator enhancement, but he reserved the right to appeal the denial of the motion to dismiss.

MEMORANDUM DECISION AND ORDER - 3

Petitioner was sentenced to a unified term of ten years in prison with two years fixed. *Id.* at 3. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *Id.* at 3–5; State's Lodging B-7.

In his federal Petition, Petitioner asserts a single claim: that his felony eluding conviction in Ada County violates the Double Jeopardy Clause because Petitioner was charged and convicted of misdemeanor eluding in Elmore County. Petitioner contends that his avoidance of the police in the early morning hours of March 31, 2015, constituted "one continuing event" in which he intended "to elude police for the entire three hour time frame." Dkt. 3 at 3–10. Therefore, Petitioner argues, he committed a single offense and could not constitutionally be convicted of two different eluding offenses.

## HABEAS CORPUS STANDARD OF LAW

A federal court may grant habeas corpus relief when it determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If the state court has adjudicated a claim on the merits, habeas relief is further limited by § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief may be granted only where the state court's adjudication of the petitioner's claim:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

MEMORANDUM DECISION AND ORDER - 4

28 U.S.C. § 2254(d). "Deciding whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims and to give appropriate deference to that decision." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (internal quotation marks and citations omitted).

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (emphasis omitted).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. To be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The source of clearly established federal law must come only from the holdings of the United States Supreme Court. Although circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000), circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced," *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). Therefore, evidence that was not presented to the state court cannot be introduced

MEMORANDUM DECISION AND ORDER - 6

on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determinations of the state court were reasonable. *See Murray v. Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014) ("After *Pinholster*, a federal habeas court may consider new evidence only on de novo review, subject to the limitations of § 2254(e)(2)."); *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) ("If we determine, considering only the evidence before the state court, that the adjudication of a claim on the merits ... was based on an unreasonable determination of the facts, we evaluate the claim de novo, and we may consider evidence properly presented for the first time in federal court.").

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable ... in light of the evidence presented in the State court proceeding." A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). State court factual findings are presumed to be correct and are binding on the federal court unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If a petitioner satisfies § 2254(d)—either by showing that the state court's adjudication of the claim was contrary to, or an unreasonable application of Supreme

MEMORANDUM DECISION AND ORDER - 7

Court precedent or by establishing that the state court's factual findings were unreasonable—then the federal habeas court must review the petitioner's claim de novo, meaning without deference to the state court's decision. *Hurles*, 752 F.3d at 778.

When considering a habeas claim de novo, a district court may, as in the pre-AEDPA era, draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Even under de novo review, however, if the factual findings of the state court are not unreasonable under § 2254(d)(2), the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167-68. Conversely, if a state court factual determination is unreasonable, the federal court is not limited by § 2254(e)(1) and may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d at 1000.

## DISCUSSION

**1.     Clearly Established Law**

The Double Jeopardy Clause of the Fifth Amendment includes three basic protections: it protects a defendant from (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction", and (3) "multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). This case involves the third protection. Petitioner claims that he could not have been convicted of the felony eluding charge in Ada County—in addition to the misdemeanor eluding charge in Elmore County—because his eluding conduct in both counties was part

MEMORANDUM DECISION AND ORDER - 8

of the same course of conduct and, therefore, constituted a single offense prohibiting multiple punishments.

Because the protection against cumulative punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature," the question "whether punishments are 'multiple' is essentially one of legislative intent." *Johnson*, 467 U.S. at 499. That is, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). The Clause is not implicated if the legislature *intended* to impose multiple or cumulative punishments. *Id*. at 367–68.

Additionally, "[w]hether a particular course of conduct involves one or more distinct offenses under the statute depends on [legislative] choice." *Sanabria v. United States*, 437 U.S. 54, 70 (1978). Thus, it is Idaho law that defines whether Petitioner's conduct in Ada and Elmore Counties constituted the same offense—which would implicate double jeopardy—or two separate offenses—which would not.

2. **State Court Decision**

The Idaho Court of Appeals rejected Petitioner's double jeopardy claim, holding that Petitioner's conduct in Ada County and his conduct in Elmore County constituted two separate eluding offenses. The court's reasoning was based on the fact that "the two charges did not arise from the same factual circumstance such that one offense was the means by which the other was committed":

> In Ada County, Baker was traveling between 110 and 120 miles per hour, well over the posted speed limit of 65 miles per hour, resulting in the charge being elevated to a felony.

MEMORANDUM DECISION AND ORDER - 9

> *The high speed chase in Ada County ended at 12:19 a.m. and both the Ada County Sheriff's office and Boise Police terminated the pursuit while still in Ada County.*
>
> Thereafter, the Elmore County Sheriff's deputies covered Interstate Exits 90 and 95; however, they resumed their normal patrol activities at about 1:00 a.m. since they did not see Baker from these locations. *It was not until 2:30 a.m. that the Elmore County dispatch advised that Baker was traveling in the area*, and his vehicle was located and pursued by the sergeant who deployed his emergency lights while behind Baker. *Then a separate eluding incident began, as Baker fled from the pursuing sergeant at a speed significantly lower than the posted speed limit before his vehicle was disabled by spike strips and he was arrested.*
>
> Therefore, between 1:00 a.m. and 2:30 a.m., there was no contact between any law enforcement agency and Baker's vehicle. Baker was not eluding during this significant time period since the statute for both misdemeanor and felony eluding require a pursuing police officer and a visual or audible signal to stop, both of which were absent. I.C. §§ 49-1401(1), 49-1401(2). In fact, his conduct was unknown to officers during this time frame. Consequently, *the first offense* that resulted in the felony charge of eluding started when the officer turned on his lights and siren in Ada County and a high speed chase ensued and *ended when police terminated the pursuit and resumed normal patrol activities. The second offense* that resulted in the misdemeanor charge of eluding *started in Elmore County when the sergeant turned on his lights and Baker fled at a low speed.*

State's Lodging B-4 at 4–5 (emphasis added).

The court of appeals acknowledged Petitioner's argument that—from his perspective—the incidents should be treated as a single offense because he was continually attempting to elude detection the entire time. However, the court upheld the trial judge's finding that Petitioner's alleged perspective was "not a reasonable or objective view of what was happening out there." *Id*. at 4.

MEMORANDUM DECISION AND ORDER - 10

As a result, the state court determined that the two charges were "separate and independent offenses" and that, therefore, "the charges did not violate Baker's rights against double jeopardy." *Id*. at 5.

### 3. The Idaho Court of Appeals Reasonably Rejected Petitioner's Double Jeopardy Claim

Petitioner has not established that the decision of the Idaho Court of Appeals was unreasonable under § 2254(d)(1) or (d)(2). As an initial matter, this Court cannot review the state court's interpretation that the two charges resulted from separate, independent offenses. That is an interpretation of Idaho state law by which this Court is bound. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Sanabria*, 437 U.S. at 70 ("Whether a particular course of conduct involves one or more distinct offenses under the statute depends on this congressional choice.").

Moreover, the Court has found no United States Supreme Court precedent that prohibits a state from treating conduct like Petitioner's as two separate offenses for purposes of double jeopardy. *See* 28 U.S.C. § 2254(d)(1).

Finally, the state court found, as a factual matter, that Petitioner's purported belief that his course of conduct constituted a single, ongoing offense—rather than two separate eluding offenses—was unreasonable. That finding is not unreasonable under § 2254(d)(2), particularly given that there was no law enforcement contact with Petitioner

for approximately an hour-and-a-half. Accordingly, the Idaho Court of Appeals reasonably rejected Petitioner's double jeopardy claim.

## CONCLUSION

The Court concludes that the state court's rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to habeas relief under AEDPA.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: December 23, 2019

Ronald E. Bush
Chief U.S. Magistrate Judge